## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **RICK STUKES,** | * | |
| **and MARY BETH STUKES,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO:08-47** |
| | * | |
| **AIG BAKER ORANGE** | * | |
| **BEACH WHARF, L.L.C.;** | | |
| **ATI TITLE COMPANY** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

This is an action for declaratory judgment, rescission of a contract, breach of contract and warranty, violations of the Interstate Land Sale Full Disclosure Act ("ILSFDA"), and fraud/misrepresentation.

## PARTIES

1.  Plaintiffs Rick Stukes and Mary Beth Stukes (hereinafter "the Stukeses"), husband and wife, are adult residents of Walker County, Alabama.  The Stukeses contracted to buy, as assignees of John J. Kokemor, Unit 819 of Levin's Bend Condominium, located in Orange Beach, Baldwin County, Alabama on or about December 13, 2005.  Attached as Exhibit A is the Assignment of Purchase Agreement and, as Exhibit B,  the Levin's Bend Purchase Agreement signed by John J. Kokemor.

2.  Defendant AIG Baker Orange Beach Wharf, LLC ( "AIG Baker") is a Delaware

1

Limited Liability Company, with its principal place of business at 1701 Lee Branch Lane, Birmingham, Alabama 35242.  AIG Baker sold Levin's Bend condominium Unit #819, at issue here, to John J. Kokemore who assigned the rights under the Purchase Agreement, with AIG Baker's assistance, to the Stukes.  Attached as Exhibit C is a January 30, 2006 transmittal letter to the Stukeses from AIG Baker enclosing the executed Notice of Contract Assignment and original Purchase Agreement.

3.      Defendant ATI Title Company, L.L.C. ("ATI"), by information and belief is an Alabama limited liability company.  ATI is named as the beneficiary and/or escrow agent for the Letter of Credit ("LOC") referred to in this Complaint. ATI is named as a party in this action solely to effectuate the relief requested herein.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction pursuant to the Interstate Land Sale Full Disclosure Act ("ILSFDA") 15 U.S.C. §1701 and pendent jurisdiction over the related state law claims.  Venue is in the United States District Court Southern District of Alabama pursuant to 15 U.S.C. §1719, because Defendants transacted business in Baldwin County, Alabama and because the offer and sale of Levin's Bend Unit 819 took place in Baldwin County, Alabama.

## FACTUAL ALLEGATIONS

5.      On or about April 15, 2005, John J. Kokemore executed a Levin's Bend Purchase Agreement ("Purchase Agreement") for Unit 819.   The purchase price of Unit 819

was $590,000.00.  On December 13, 2005, John J. Kokemore assigned the Purchase

Agreement to the Stukeses.  Among the promises made in the Purchase Agreement,

AIG promised the Stukeses that they would not be required to close on Unit 819

until a Certificate of Occupancy was issued for it by the local governing authority

(Paragraph 3(a) of Purchase Agreement).

6.      On or about December 13, 2005, the Stukeses were issued an irrevocable letter of

credit by First National Bank of Jasper in the amount of $118,000.00 in favor of

AIG Baker, to be used as collateral in connection with the Purchase Agreement.

7.      The transaction made the basis of this suit is encompassed within the Interstate

Land Sale Full Disclosure Act (ILSFDA, 15 USC §§1701-1720) (1988 & Supp.V,

1993).[1]  Under ILSFDA, a developer must file a statement of record with Housing

and Urban Development (HUD) and provide a copy of the property report to a

purchaser prior to the execution of a purchase agreement. 15 USC §§1701 *et seq.*

AIG Baker claims an exemption to ILFSDA's reporting requirements, an

exemption commonly referred to as the "two year" exemption set out in 15 USC

§1702 (a)(2).  If a developer *unconditionally* promises to complete the unit within

two years, the developer does not have to file with HUD or provide purchasers with

property reports prior to execution of agreements to purchase.

_____

[1]To be subject to the ILSFDA, a development must be advertised, under a common
promotional plan  using interstate mails or transportation and must be of a certain number of
units or lots.  The Levin's Bend development, consisting of 190 planned units, was offered pursuant to a
common promotional plan by interstate means of communication. Hence, jurisdiction under the ILSFDA
is established.  15 USC §§1701-1720.

8.    Paragraph 3(a) of the Purchase Agreement for Unit 819 reads, "...Seller warrants that Closing shall occur no later than two (2) years after the date of Purchaser's execution of this Agreement, subject to any delays caused by events of Force Majeure set forth in Paragraph 22 below."  This language is not an unconditional promise to complete the unit in two years.  Additionally, paragraph 16 of the Purchase Agreement mandates binding arbitration, a limitation of remedies which also conditions the promise to complete the unit in two years, voiding the ILSFDA exemption claimed by AIG Baker.  15 USC § 1702 (a) (2).

9.    Additionally, Paragraph 10( c )( ii ) of the Purchase Agreement provides that if there is a material change to the Governing Documents prior to closing and if that change adversely affects the rights of Purchaser, then Purchaser shall have seven days in which to exercise the option to terminate the Purchase Agreement and have his Letter of Credit returned.

10.   The Stukeses never received an Offering Statement, in violation of the Alabama Uniform Condominium Act, Ala. Code §35-8A-402 (1075).  The Stukeses did receive the First Amendment to Offering Statement, dated March 9, 2007, from AIG Baker.  The amendments included new expenses reflecting a seven-fold increase in property insurance, an eight-fold increase in parking deck insurance, almost three times more maintenance labor costs, and anticipatory breach of promise to complete the Recreational Amenities.  Because these amendments and broken promises adversely affected the Stukeses' rights, they terminated the

4

Purchase Agreement by certified mail dated March 14, 2007.  (Exhibit D).

11.    AIG Baker did not register the development with Housing and Urban Development ("HUD") nor did it provide a property report in advance of the signing of the Purchase Agreement.  15 USC § 1703 (a)(1)(B), violations of the ILSFDA.

12.    AIG Baker did not complete Unit 819 within two years of the date of the Purchase Agreement.

13.    AIG Baker apparently attempted to exempt this transaction from the ILSFDA registration and reporting requirements by providing a conditional obligation to complete the development within two years of the effective date of the Agreement.

14.    To be exempt from the ILSFDA, the developer's promise to complete construction within two years must be unconditional. *N & C Properties v. Windham,* 582 So.2d 1044 (Ala. 1991)*; Fortunato v.  Windjammer Homebuilders, Inc*., – F.Supp.2d —, 2006 WL 208777 (M.D.Fla.).  AIG Baker's promise to complete within two years was a conditional promise which was breached, in that a certificate of occupancy was not issued for Unit 819 within two years of the effective date of the Purchase Agreement.

15.    In breach of its Purchase Agreement (Paragraph 15 (b)), AIG Baker did not provide insulation with the R-Value promised for both the roof and exterior walls.

16.    Despite AIG Baker's breach of contract and violations of the ILSFDA and the Stukeses' proper rescission of the Purchase Agreement, AIG Baker scheduled the closing on Unit 819, even though no Certificate of Occupancy had been issued, and

Alex Baker, as President of AIG Baker, called in the Stukeses' Letter of Credit on

December 3, 2007.  As of the date of the filing of this petition, the Stukeses believe

that ATI Title is holding the funds from the LOC in escrow.

## COUNT ONE
## DECLARATORY JUDGMENT 28 U.S.C.§2201(a)

17.  The Stukeses repeat the allegations of paragraphs one through 16 above and

incorporate them herein.

18.  Pursuant to 28U.S.C. §2201(a), the Stukeses asserts that this Court has jurisdiction

over their claim for declaratory judgment because this Complaint presents a federal

question.  *Household Bank v. JFS Group,* 191 F. Supp. 2d 1292, 1303 (M.D. Ala.

2002).

19.  AIG Baker breached the ILSFDA by failing to qualify under the act or any

exemption thereto.

WHEREFORE, the Stukeses request that this Honorable Court enter an Order

Declaring that AIG Baker is in violation of ILSFDA and entering a judgment in their favor

and against AIG Baker for all sums expended by the Stukeses, including the $118,000

drawn on the First Bank of Jasper letter of credit, reasonable attorney fees, interest, and

costs.

## COUNT TWO
## BREACH OF CONTRACT

20.  The Stukeses adopt and incorporate the allegations of paragraphs one through 19

above and incorporate them herein.

6

21.     AIG Baker breached the Purchase Agreement by failing to comply with its

obligations, including but not limited to its obligation to complete Unit 819 within

two years of the date of the execution of the Purchase Agreement, its agreement to

timely provide the promised amenities and insulation of a certain R value, and its

obligation to unconditionally promise to complete within two years, and its promise

to acquire a Certificate of Occupancy prior to closing.

22.     Under the Purchase Agreement, the Stukeses were entitled to rescind it within

seven days of receiving the amendment to the offering statement if the amendment

was material and adversely affected the Stukeses' rights.

23.     The Stukeses were entitled, and did, rescind the Purchase Agreement by certified

letter dated March 14, 2007.  AIG Baker breached the Purchase Agreement by

refusing to acknowledge the rescission and demanding payment of the Letter of

Credit.

24.     As a result of AIG Baker's breach of contract, the Stukeses have suffered damages.

        WHEREFORE, the Stukeses demand judgment against AIG Baker for any and all

relief to which they are entitled under the laws of the State of Alabama, including

rescission of the Agreement, return of the Letter of Credit monies, and any and all other

relief, including monetary damages, to which they are entitled.

## COUNT THREE
## VIOLATIONS OF THE ILSFDA

25.     The Stukeses adopt and incorporate the allegations contained in paragraphs 1

through 24 as if fully set forth herein.

26. The offering statement and condominium documents for the unit clearly fall within the jurisdiction of the Department of Housing and Urban Development Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.*

27. The Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et se*q. requires the developer to file a statement of record for this condominium with HUD. This Act also required the developer to provide a copy of the property report to Plaintiff prior to their execution of the Agreement for the unit.

28. No such statement of record was ever filed with the Department of Housing and Urban Development and the Stukeses were never provided with a copy of a property report prior to the execution of the Purchase Agreement for Unit 819. Defendant AIG Baker attempt to get around having to file a HUD statement of record by using an exemption for condominiums that can be completed within two years. However, the developer did not make an unconditional promise to complete construction within two years from the date the purchaser executed the Purchase Agreement and, thus, this condominium does not fall under that exemption.

29. Pursuant to 15 U.S.C. § 1703 ( c ), the Purchase Agreement may be revoked at the option of the purchaser if the developer fails to provide the purchaser with a copy of the property report described above.

30. Pursuant to 15 U.S.C. § 1703, the Stukeses demand that the Purchase Agreement be revoked and that AIG Baker refund all deposit money associated with this unit to

8

the Stukeses.

WHEREFORE, the premises considered, the Stukeses demand that the Purchase Agreement for the unit be revoked, that AIG return the deposit, and any other equitable relief this Court sees fit to award.

## COUNT FOUR
## BREACH OF EXPRESS WARRANTY

31.    The Stukeses adopt and incorporate all allegations contained in Paragraphs 1 through 30 above.

32.    AIG Baker has made express representations of material facts to the Stukeses that the condominium and the condominium amenities would be delivered to them within two years from the date the Purchase Agreement was signed.  AIG Baker also expressly promised that closing would not be required until a Certificate of Occupancy had been issued for Unit 819.

33.    AIG Baker also expressly warranted that certain amenities would be built and would be used exclusively by unit owners and that certain R values for insulation would be installed in the roof and exterior walls.

34.    AIG Baker cannot deliver the condominium unit or the condominium amenities to the Stukeses, warranted in the Purchase Agreement and other controlling documents.

35.    AIG Baker has breached expressed warranties made to the Stukeses.  As a result of this breach, the Stukeses suffered damages.

WHEREFORE, the Stukeses demand judgment against AIG Baker for compensatory damages, plus costs, interest, and any other just and equitable relief.

## COUNT FIVE
## MISREPRESENTATION/FRAUD

36.    The Stukeses adopt and incorporate all allegations contained in Paragraphs 1 through 35 above.

37.    AIG Baker, and/or its agents, innocently, recklessly, and/or intentionally misrepresented the completion date for the condominium and the condominium amenities, as well as R-value of insulation, to the Stukeses.  AIG Baker, and/or its agents, also misrepresented the projected annual assessments for the unit.  AIG Baker, and/or its agents, also misrepresented the fact that membership in the Armada Club would be exclusive to unit owners.

38.    AIG Baker intentionally misrepresented to the Stukeses that they would not be required to close until a Certificate of Occupancy had been issued for 819, knowing at the time that they made this representation, that it was false and that they intended to require closing on a temporary Certificate of Occupancy, transferring risk from AIG Baker to the Stukeses.

39.    The Stukeses relied on these misrepresentations of material facts to their detriment when they accepted the assignment of the Purchase Agreement for Unit 819.

40.    AIG Baker, and/or its agents, continued these misrepresentations either innocently, recklessly, and/or intentionally to the Stukeses after they assumed the Purchase

10

Agreement.

41.  As a result of these misrepresentations, the Stukeses have incurred damages.

WHEREFORE, the Stukeses demand judgment against AIG Baker for compensatory and punitive damages, plus costs, interest, and any other just and equitable relief.

## COUNT SIX
## Violations of the Alabama Uniform Condominium Act

42.  The Stukeses adopt and incorporate all allegations contained in Paragraphs 1 through 41 above and incorporate them herein.

43.  AIG Baker failed to provide the Stukeses with an offering statement for Unit 819 and the Levin's Bend development, in violation of Ala. Code §35-8A-402(1975) BS §35-8a-408 (1975).

44.  As a proximate result of AIG Baker's violation of Ala. Code §35-8A-402 and §35-8A-408 (1975), the Stukeses have suffered damages.

WHEREFORE, the Stukeses demand judgment against AIG Baker for rescission of the Agreement and any and all other relief to which he is entitled, including the return of his deposit and the return of the monies represented by the LOC described herein.

Respectfully submitted,
Attorneys for Plaintiff

 /s/ Peter F. Burns
PETER F. BURNS (BURNP5689)

OF COUNSEL:
BURNS, CUNNINGHAM & MACKEY, P.C.
P.O. Box 1583

11

Mobile, AL 36633
(251) 432-0612
(251) 432-0625 Facsimile
pfburns@bcmlawyers.com

                              /s/ Whit A. Thomas
                              Whit A. Thomas

OF COUNSEL:
Attorney at Law
307 South McKenzie Street
Foley, AL 36535
(251) 943-9330
Facsimile (251) 943-9331
whitathomas@yahoo.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

**AIG Baker Orange Beach Wharf, LLC**
**c/o Registered Agent**
**The Corporation Company**
**2000 Interstate Park Drive Suite 204**
**Montgomery, AL 36109**

**ATI Title**
**c/o Gary Alidor, Esq.**
**4357 Midmost Drive**
**Mobile, AL 36609**